T>e a ice, Oh. J.,
delivered the opinion of the court:
The petition in this case was filed on the 8th of August, 1867, to recover the proceeds of five bales of cotton, alleged to have been captured at Savannah by the military forces of the United States in January, 1865.
The petition alleged that on the 21st of December, 1864, the claimant was the owner of said cotton, which was stored in the warehouse of her commission-merchant, and that the same was, about the 6th of January, 1865, reported to the military authorities by the commission-merchant and the claimant, and was thereafter taken by the military.
The petition then goes' on to state as follows:
“ Tour petitioner also states that prior to the removal of said cotton by the United States, as aforesaid, the petitioner was indebted and obligated to J. Schiffer & Co., wholesale merchants of the city of New York, and, pursuant to said obligation, transferred, sold, and delivered the whole of said cotton to said J. Schiffer & Co., who are now the proper legal owners of said cotton. And that Jacob Schiffer, of the said firm, hav *705 ing, since the said sale and delivery of said cotton, died, the same is now under the legal control of Samuel Schiffer, the surviving partner of the said ñrm of J. Schiffer & Go.”
On the 27th of February, 1871, the claimant, by leave of court, amended her petition by adding thereto the following:
“ That this suit is prosecuted for the use of Samuel Schiffer, survivor of Jacob Schiffer, of the late firm of J. Schiffer & Go.; that the said J. Schiffer & Go., on or about the 11th day of March, 1865, and after the registration of said cotton, as stated in said original petition, for a valuable consideration, purchased the cotton in said petition described, from said claimant, and that the said Samuel Schiffer, survivor, &c., as aforesaid, is now entitled, by virtue of such purchase, to the proceeds of said cotton.”
The case, as thus presented in the petition, is precisely the same as that of Solomon Outner, (17 Wall., p. 617,) brought for the use of the same firm of J. Schiffer & Go., where the Supreme Court, affirming the judgment of this court, (6 O. Gis. R., p. 415,) held that Outner, having no interest in the cotton, could not sustain the action for the benefit of his vendees.
To avoid the effect of that decision, as we suppose, Samuel Schiffer now, more than seven.years after the expiration of the time for bringing suits of this description, asks leave to amend the petition by making himself the claimant therein.
This presents a case somewhat different in its facts from any of like character which has come before us, and we therefore deem it proper to present our views in regard to it.
In reference to proceedings here to recover the proceeds of captured property, the language of the act of March 12, 1863, is, that “ any person claiming to have been the owner of any such abandoned or captured property may, at any time within two years after the suppression of the rebellion, prefer his claim to the proceeds thereof in the Court of Claims.”
In Cowan’s Case, (5 C. Cls. R., p. 106,) where a suit was brought in the name of a guardian of infant heirs, leave was given to make the administrator of their ancestor a party. In that case the court used the following language: uIt seems to us that the object of the statute was substantially attained if the real parties in interest notified the Government by suit brought within the proper time of their interest in these particular proceeds in the Treasury, and that it is of little consequence whether *706 the suit was commenced by the right or the wrong representative, so long as it was brought for the party really entitled to receive the net proceeds, and so long as the interest represented remains unchanged. This latter qualification is probably the test of our power to grant relief. If the administrator does, in fact, represent other parties, it, in effect, will be bringing in new owners, who are barred by the statute.” The position there taken seems to us to apply substantially to the present case. No effort is made here, as in the case of Mrs. E. E. Mount, at the present term, to bring in an adverse claimant; nor is it asked to present a claim now for the first time, or to change the cause of action, or to bring in a different interest from that at first presented. The original petition stated the facts fairly, and disclosed the real claim and the real party in interest. Upon those facts, Kesiah Hall should not have been made claimant at all, but the suit should have been in favor of J. Schiffer & Co., as the owners of the cotton. And now the question is, whether, in aid of the right of one who claims au interest in the fund derived from the sale of captured property, and who is on the record as equitably entitled to such interest, we shall allow him to change his position and become the legal claimant, and as such assert a claim which has heretofore been asserted in the name of another for his benefit. We do not perceive any substantial reason why this may not be done. The Supreme Court holds the proceeds of captured property to be a trust fund in the Treasury for the benefit of the owners of the property, and we do not feel disposed to deuy a hearing to one who claims a right to a portion of the fund, because che attorney who prepared the petition supposed it necessary to make the vendor of the cotton the legal claimant and the vendee t re equitable claimaut, instead of bringing the suit in the name of the vendee alone. Any objection to changing the position of Schif-fer on the record rests more in technicality of pleading than in substantial justice; and this is not a kind of case in which the latter should be needlessly defeated by a rigid adherence to the former.
The motion is allowed.
BjIOHAKdson, J., did not sit in the hearing of this case, nor take part in its decision.